Our next case this morning is number 21-12-59, Figurefun LLC v. Lego Systems, Mr. Weinblatt. Your Honors, before we start, would you prefer me to stay on or off while we're speaking? Off, please. It's too hard to hear. Good morning, Your Honors. May it please the Court. Claim 9 of 276 patent is explicit. The information reader has an upward-facing recess such that the token with built-in IC chip is fitted into the recess. Yet, the PTAB interpreted this claim element to mean the figure with built-in IC chip is fitted into the recess. That's at APPX 49. The PTAB was wrong. Claim 9 also recites, quote, a token with built-in IC chip, quote, and, quote, an action figure is attached to the token with built-in IC chip in a detachable manner, end quote. Token and IC chip are separate claim elements, as are token and action figure. They cannot mean the same thing. Indeed, the PTAB ruled the term token does not include an action figure, and that's at APPX 12. So how do you define token? We define token as a disc-like shaped item required to begin play of a game. Say it again. A disc-like shaped item required to begin play of a game. I can give you numerous citations for that, but it's also found in the briefing. So what is it about the claim language that would exclude a base fitting into the recess along with the token? So the claim language says the token with built-in IC chip is fitted into the recess. That's at APPX 79 at column 28, lines 12 to 15. Neither the figure nor the base of the figure is in the recess. In other words, the recess is sized to fit the token. Also, when looking at the specification, there is no disclosure in the 276 patent that describes anything other than the token with built-in IC chip fitting or engaging into the, I should say fitting into the recess. It is wrong to broaden the claims beyond the specification's description. That's the Federal Circuit's own case in TF3 Limited versus Trey Milano. If you look at... So let's go back to my question. So you're saying that just because it refers to the token, that that is enough to exclude anything along with the token? Because it says is fitted into the recess and fitted in the plain and ordinary meaning is shaped for a precise fit, yes, it's only the token with built-in IC chip that is fitted into the recess or that is engaged in the recess. Petitioner argued that White discloses an upward-facing recess such that the figure with built-in IC chip is fitted into the recess. That's at APPX 358 to 359. Then Lee is used by the TTAB to make White's tag detachable, which means there is a detachable IC chip incorporated into a portion of the base of White's figure. There is no token. But even though the combination of White and Lee fails to disclose a token with built-in IC chip and information reader including an upward-facing recess that decides to fit the token with built-in IC chip and an action figure is attached to the token with built-in IC chip in a detachable manner, the TTAB still invalidated Claim 9 based on the combination. The TTAB erred and should be reversed. Now the Petitioner, or can I just refer to them as LEGO in this appeal because it's LEGO and Warner Brothers, they argued that looking at figure 3B, that according to them it shows that the base of the figure is inserted into the recess. That is a misreading of the specification. If you were to look at APPX 72, a column B, column 14, lines 38 to 45, it says, in addition, a protrusion 19B for token positioning is provided at a portion of the peripheral rim of each recess 19. The token with built-in IC chip is placed in the recess so that this protrusion 19B is engaged with the notch 30A provided in the token with built-in IC chip. The language is unambiguous. It's the protrusion 19B is engaged with the notch in the token, not with the base of the action figure as LEGO postures. So essentially there are three elements, and why are they not disclosed by the combination that the board relied upon, white and link? So for white, there is a tag that even LEGO identifies the tag is an IC chip. The claims require a token and an IC chip. They're two separate elements, and you can see that in figure 2A. And if you turn the figure 2A, reference number 31 is the IC chip, and in the figure it's rectangular. If that rectangle were a circle, that would be Lee's transducer 64. Even Lee doesn't have a token, and the PTAB expressly found that LEGO never argued that Lee discloses a token. That's at APPX 35. So if you were to combine white and Lee, you have a figure. Now that you have this tag in the base of the figure, that becomes removable, but it's only in a portion of the figure. And if you look at figure 1 at APPX 206, you'll see that the recessed portion holds the entire figure. 6 is the reader for the tag 5. So white has an entire base going into a recess. Lee says make the tag removable, but that doesn't change that it's only white's base that goes into the recess. It is not just a token with an IC chip. In fact, there is no token. All you have when you combine white and Lee is a removable IC chip. It's missing an element. So if you look at what the PTAB ruled, when the PTAB held that a token cannot be an action figure, and you turn to white, you have this character or figure, you have a figure 4, and you have a base, which is 4A. There is no token. So if you were to say that the tag... But the board didn't simply say you combined the two prior art figures, and that's the end of the day. I mean, they actually said you would modify the tag in light of Lee, right? So the problem with that is there is nothing, there's no record evidence that says making white's tag 5 turns into a token, because there's a whole separate step. You have to take that IC chip, and you have to put it into a separate piece of plastic, which is a token, that's then fitted into a base of the figure. So if you were to look at what the PTAB did, they said all of a sudden you have an IC chip that comes off. It miraculously turns into a token. But that's not true. Think of a RAM chip that's in memory. You can pop that RAM chip off of the board. That's not a token. That's just a RAM chip. That's what white's tag is. It's a chip. It's not a token. It's not a game piece. It's just a chip. And then if you use LEGO's construction of a token being a game piece, you still have a problem, because you only have an IC chip. And according to the claim with LEGO's construction, you have a game piece including an IC chip. So, again, it's two separate elements, token and IC chip. The whole record in front of the PTAB just tells you that. It doesn't say anything about how white and lead can be combined to make a token. Now, as the court is aware, in Inright Magnum Oil Tools International, 829F3, 1364, the court ruled, the board must base its decision on arguments that were advanced by a party in which the opposing party was given a chance to respond. There is nothing in the record before the PTAB that evidences or that even argues that the tag of white, when becoming removable like Lee's transducer, would then be put into a token. It's not there. The PTAB on its own made that argument, and that was wrong. The PTAB should be reversed. And if your honors have no further questions right now, I'd like to reserve the rest of my time for rebuttal. Okay. Thank you. Mr. Serrato. Thank you, your honors. I may have pleased the court. On the 276 patent, it's really, you have two aspects that are combined. White, which has a base figure 4A, and then a tag that's in the 4A, fitted into the recess. That almost gets all the way there in terms of the obvious defining, but then it has to be combined with Lee. And Lee brings in the detachability of the transducer. So what the board held was that white combined with Lee renders the claim obvious because you would take white, detachability in light of Lee, and that is the finding. Is your friend on the other side right when he says that, the board expressly said that token wouldn't include an action figure, but then based its obviousness analysis on the fact that it could include an action figure? I don't think that's quite right. The board did say that token, in its claim construction, said that token and action figure would be, action figure would not be included within token. But what it held was that white, which has the figure, and then the tag 5 that fits into the recess. And then when you take Lee's detachability element and combine those two things together, well then you have, as modified by Lee, the token, the detachable token. And that is a fairly straightforward analysis we submit. It's also not the case on the claim construction. Where's the token in white or Lee? The token would be tag 5 of white. Isn't tag 5 a chip? Tag 5 is not merely a chip, it's a tag. And when it's attached to the base figure, which is then attached to the figure. Tag 5 includes the chip, but is not only the chip. It's not merely a chip, it's a tag. Is the traducer in Lee only a chip? The traducer in Lee is not, I don't think it's merely a chip, but just to be very clear, Your Honor, it's the traducer for the 276, we're only relying on that for the detachment. I understand, but I'm just trying to get at, it seems to me your friend is arguing that there are three things, and white only has two. It has a chip and a figure, but it has no token. And I take it your position is that the tag is the token that includes the chip. Exactly right. The tag as modified, when it's detachable in light of Lee, becomes the token. And that is what the board held. But the tag is just a chip. You agree with that, right? You keep using that term tag, but there's nothing else to it, right? Well, it also has the base figure with it, and those elements are all there once the... Well, the base figure is attached to the tag. The tag is just an IC chip, right? The tag consists of an IC chip. I don't think it's merely an IC chip. So what else is it? If you look at page 18 of the board's decision, appendix 18, there's figure one of white, right? Right. So five is the chip and 4A is the tag? Right. Five is the tag. 4A is the base. And the base is the token? Well, the base includes the token. Is the base the token with the chip tag attached? I think you could certainly see the base as a token. The entire thing, once attached, becomes a token. We've focused on tag five as the token, because we just don't see any significant difference. Well, why? I mean, isn't it significant if tag five is only a chip, like the actual chip that you plug in? Because the patent requires a chip that goes inside of a token. Right. And we just think that all of the elements are there, as the board found. You have the base. You have the tag. It would have been obvious, in light of white and lead, to have the token. Once the figure is removed, that is the token. The tag five is the token. It consists mostly of an IC chip. That may be true. But it also serves as a token. Another way of looking at this is the claim construction. You seem to want to brush over the fact that token and chip are defined differently in the patent, but it seems to me that there might be some reasons for having a chip embedded in a token, particularly if it's going to be detachable, so that it won't get damaged or the like if you're moving it from game piece to game piece. So why, again, where's the token in any of this prior art? Well, I do think that the tag five, when it's detachable, is a token. I recognize, Your Honor, is concerned about that only being the IC chip. We should know what it is or what it isn't. Is the teaching in white that tag five is just the chip, or is it something beyond a chip? No, the tag five goes on to the information reader and is an IC chip. I recognize that. What I'm saying is that that is a token. You're saying it would have been obvious to transform a chip into a token. No, I think I'm saying something slightly different. It would have been obvious to transform a chip into a token, but it's also, as modified, in light of Lee, it is a token. At 18, it shows figure one from white. This recess receives not just the chip, but 4A, the base. Correct, Your Honor. So why isn't the base the token? I think the base could easily fit within the concept of a token. The board didn't feel the need to construct token, other than to say that it's not limited to a disk-like shape. And certainly the base portion could be conceived as a token, once the figure is removed in light of Lee. But the token is not the figure. The token is not the figure. The figure becomes detached, and now we have a chip. I mean, it seems to me that I'm a little curious as to why you're dancing around this argument, that the base, which includes the chip, is the token here. But is that not the argument you made to the board, and not the argument the board relied on? Oh, no. I think the board, as I say, the board didn't define, didn't feel it was necessary to get into the construction of token, other than to say that it doesn't include the action figure, and it is not limited to the disk-like shape. So certainly, I don't think the board went into a lot of detail. But I think our briefs, we mostly say tag five becomes the token. But certainly you could say the base portion also becomes the token. Seems like that's two completely different arguments. Not two completely different arguments, I don't think. Can you point me to where the base portion was identified as the token, once the chip was attached, or where you argue that to the board? Well, certainly the argument to the board is that, well, I don't think I can give you an explicit reference to base portion being the token in so many words. I do think that the general argument made is that you have the detachability element of Lee, and then the tag five with the base portion, which is on the base portion, becomes the token. I do think tag five can be the token. That's how the board conceived of it. And I think that's certainly supported by substantial evidence. I do want to focus briefly on the claim construction argument, because I think it is related. The token, my colleague's argument regarding claim construction, suggests that there's an exclusivity that in the claim only a token can be fitted into the recess, and not anything else, not including the base portion. That, I don't think, is the broadest reasonable construction of this claim. You can have both the base portion and the tag, and nothing is excluded in the claim construction in that regard. I also want to spend a few minutes talking about the motivation to combine, because once you have... I think you should talk about claim eight of the 377, unless my colleagues have further questions about the 276. Sure, I'd be happy to move over to claim eight. On the cross appeal, we think the board got almost everything right on the 377 patent. The board found that claim one, the independent claim, was obvious in view of Cato, Lee, and other prior art. Its sole error, we submit, was on claim eight. But it's true on claim eight, isn't it, that the chip identifies the figure rather than the token? I'm sorry, could you repeat that? I didn't hear you. You're saying that in Lee, I mean in White, the chip identifies the figure rather than the token, right? In Cato... In Cato, not White. Right, so in Cato, there is not merely a reference to just the figure. We think that you have... But you have to also add in Lee. Lee is very important in this regard, because contrary to what the board found, saying that it identifies a figure, not a token, it also expressly, Lee identifies the identity of the transducer. When you take the transducer element, combined with the identity from Cato, those two elements combine to render it obvious, Your Honor. So the identification feature is coming from Lee and not Cato? Both, Your Honor. Lee discloses the elements of claim eight, because Lee expressly discloses the transducers create a signal that indicates the identity of the transducer, and then Cato similarly discloses that a computer may use the signal to identify a figure, and then Lee, together with Cato, establishes that the identification code... Did the board discuss whether the identification of the token can be found in Lee? It held that it could not. It said that it identifies a figure, not a token, but the basic error on that was failing to recognize that Lee also has the identity of the transducer. Also has? Lee expressly states that it identifies the transducer, and then once you recognize that it identifies the transducer, it follows that it identifies the token. Because the transducer is the key part of the touchable token, right? Did you argue that to the board? Yes, Your Honor. That was preserved, and I think that the forfeiture argument is just too technical under this court's precedence. It's true that if you looked at the point heading under claim eight, you would not find there the specific reliance on this portion of Lee, but it's in claim one, which is the independent claim, it's recognized and argued by all sides, and it's then fully briefed and Cato and Lee are addressed by the board. So I think that would be a too rigid approach to forfeiture under this court's cases. So where is it that you argued to the board that Lee has the token identification feature? So it's in claim one. I can get you an express reference. So the petition itself expressly discusses the portions of Lee that describes the transducers creating a signal that indicates the identity of the transducer, and I think we have references on page seven. It doesn't address that in connection with claim eight of the 377, does it? It's true that it's addressing that in connection with claim one, but we think that's enough to put the board on notice, particularly since it was fully briefed by all sides. Claim one is the independent claim. Did claim one require an ID code? I'm sorry, say that again? Did claim one require the ID code? Claim one was the independent claim regarding the token itself with IC chip. It's claim eight that is about the ID code, but it's also in the expert reports. We have numerous references, and I recognize that these are not under a separate point heading under claim eight, but we have numerous references to the expert declarations, to the petition itself, and we think that's enough to preserve the point. On pages 52 and 53 of the board decision here, 25, 40, and 41, at the bottom we're talking about claim eight, and at first it talks about Cato only, but then on the following page it says disclosure in Cato and Lee. That is exactly right, your honor. What are these three figures here? Are they from Cato or Lee on page 25, 41? I don't have 25, 41 in front of me. You don't have the joint appendix in front of you? I do have it right here. I can grab it. Might be helpful. Okay. So you're on 25, 41, your honor? Yeah. This is related to claim eight, and it discusses three figures there, 3A, 3B, and 6. And my question is, are those figures from Cato or Lee or both? These are from Cato here. These three figures are from Cato? On 25, 41 itself, I believe those are from Cato. And as I say, the specific – But the problem is that you didn't really indicate here that you were relying on Lee for this feature. As I say, it's true that in the section that specifically is arguing claim eight, it's not there. But given that claim one is independent, given that there are numerous references to this argument throughout the papers, we do think the board was on notice of it. I see I'm into my rebuttal time. I don't understand this point about claim one, because the element the board specifically found lacking is not in claim one. And you didn't mention Lee with regard to that in connection to the claim. It did require. So how can the board be on notice of something that may have been mentioned on a claim that it wasn't relevant to? I mean, you're asking them to do your work for you. And haven't we said repeatedly – I mean, I think you're right. Lee shows this. But if you didn't argue it and the board found otherwise, why should we save you on this point? Well, it's a question of preservation. And I think, as I say, we've cited numerous references, albeit in different sections of the petition, also in the expert declarations. And I do think it was recognized, certainly by the parties, that this was an issue and that it was properly preserved. Well, where did the patentee recognize that it was an issue, as to whether Lee showed this? Well, certainly the broad claim of Coteau and Lee and claim eight was preserved. But did the patentee say they're arguing that Lee shows this feature? I think there was recognition on all sides. As I say, on claim eight itself, I don't think it was squarely joined. Okay. But I do think it was properly preserved, given the many references to the argument throughout the papers. Thank you very much. Okay. Thank you. Do you agree that Lee shows this feature in the 377? I do not agree that Lee shows what is claimed in claim eight. And the reason why is, in Lee, while there is a code identifying the transducer, that same code is used to identify the figure as well. And in claim eight, you have game initial data that includes two pieces of information. One is character information. And then in claim eight, it also includes an ID code that only identifies the token. And that's a big difference. Can I just ask you, though, and I don't want to get into an argument about whether the transducer is a token or not, because that's what we talked about. Let's just assume that the transducer is a token. If it's detachable, doesn't it, by definition, identify the transducer? Otherwise, how would you know when you attach it to a new character what information it is? It's not identifying an ID code of the token. Think of the ID code of a token like a serial number. So in the situation of Lee, when that transducer is put into a figure, it reads the transducer in the computer, and the computer says, based on that signal, this is the character, which is different than saying this is the serial number for the token, and I have this other information that's stored within the chip itself telling you the character information. Okay. That's not really what the board said, though, right? The board just said, Kato doesn't show this, and they didn't address this further argument about what Lee shows because it wasn't properly raised. So, Your Honor, that is true, but that's also not an argument that the petitioner ever made to the TTAB. If you look at LEGO's reply to the patent owner's response, APPX 3137 to 3138, LEGO's argument isn't there. And at the oral argument, Figure Fund made the argument about Claim 8 requiring both the token ID code, in other words, the ID code that identifies just the token, as well as that being separate from the character information. And that's at APPX 738, line 15, to APPX 741, line 11, and APPX 744, line 15 to 16. And most importantly, the panel then asked LEGO to rebut the patent owner's arguments at APPX 763, lines 1 to 6, and LEGO didn't. So the arguments that you're hearing in this appeal were not made or preserved at the TTAB. I'd like to quickly turn back to the 276 patent for a minute. What you heard opposing counsel state is, quote, you have the base, you have the tag, so you have the token, so you have the base. So before we go on here, on 43 in the oral argument, this is 739 of the appendix, on line 7 it says they state, this is your argument, I guess, right? Levy, and I suppose that's a typo for Lee, right? You're on APPX 738? 739. Let me look at that. Is Levy a typo for Lee? Probably not, because they relied on multiple references at that point. Was Levy one of them? Yes. They weren't relying on Levy for the identification code, were they? No, they were not. It's APPX 740, line 8. So you're right, it may have been a misspeak of the person presenting at the TTAB, because on the next page, APPX 740, lines 8 through 12, it refers to. This seems to be addressing the argument that we've just been talking about, right? Well, that's the same argument that's being made right now, is that having a code identify the figure is not the same as a code identifying the token, as in claim 8. I'm a little unclear, because Levy is talked about too in this, and at the bottom of page 740, it references Levy and Lee in the same sentence, and says, I've already talked about Lee, it's about identifying a baseball player, and in Lee, there's no identification of a character at all. So what happened was, Lego tried to combine multiple pieces of prior. No, I understand,  was a mistake for Lee, or these are being discussed, it wasn't a mistake. It was not a mistake, because it identifies the baseball player, so that's different. They weren't relying, you just said they weren't relying on Levy for the identification code. Well, so we have to realize this, in the PTAB, there was multiple pieces of prior that Lego used. The PTAB rejected them. On this appeal, Lego's only challenging Cato and Lee. Let me just answer my question. You said a minute ago, they weren't relying on Levy for the identification code. That was incorrect. I was referring to, in this appeal, they're not relying on Levy. At the PTAB, they did. All right, go ahead. Going to the 276 patent, for a moment. Can I just ask you, if we just assume that the board has looked at this, and determined that the combination of White and Lee, so that the tag in White, combined with Lee's detachable stuff, is enough to teach a detachable token, why isn't there substantial evidence supporting that as disclosing all the elements of your claim? Is it just because your view is that the tag is only a chip, and not a token containing a chip? Well, first of all, Lego did argue that the tag is only an IC chip. That's at APPX 358 to 359. They did not argue that it was anything other than an IC chip. For Lee's transducer, Lego just argued it's a transducer. It didn't argue that it was anything more. And if you look at Lee, there's a figure showing the circuitry of the transducer, which is it's a chip. So what circuitry is in the token? So the thing with the token is, it's a piece of plastic, in a shape, it's a three-dimensional shape, and embedded inside of it is the chip. So if you want to say that that chip is Lee's transducer, that's fine, but you still need the plastic that the transducer is embedded in. You still need the token. So their problem is they didn't mention that it was composed of plastic? Well, that is a problem. The element's claim is explicit. You can't read out a claim and just say, well, here's a chip. If I take this chip and stick it in a base of a figure, and now it becomes a token, you still have to do a separate step, even in manufacturing. In the base in white, isn't the chip enclosed in plastic? So in white, that base is part of the figure. You can't remove it. So that's why if you look at... That's where they looked to Lee to find the attachability. But again... I'm saying in the base in white, the chip is enclosed in plastic, isn't it? The chip is enclosed in plastic. But in that instance, you have a problem because you have to have a detachable token. So if you look at white... But that's not the issue we were talking about. Detachability comes from a leak. But you're just removing a chip. You'd have to reconstruct white and make that entire... You'd have to have the base be detachable. And not only would that base have to be detachable, you would then need it so that when it's fitted into the recess... You're taking the chip out of the plastic and combining it? If you're taking the chip out of the plastic, it's still a chip. So I'm going to go along with your hypothetical, where you have this chip that takes up a portion of the base in white, and you make that detachable. And in your honor's view, let's say that that chip is now a token. You still have a problem with the claim because the entire figure's base is put into a recess. It is not just the token. And that element's also missing. And I also disagree that just removing a chip miraculously becomes a token. In manufacturing, if you're making an IC chip, you just don't suddenly say this chip is a token. It's a separate manufacturing process to then embed it in a piece of plastic. In white, the whole base goes into the recess. That's correct. The whole base does. It's not just... The recess is not sized to only fit the tag. Yeah, but your argument for the board was that the figure was going into the base. You weren't arguing that there was a difference between the chip portion and the base portion in white. Because that base is part of the figure. It's the same thing. It's connected. It's sort of like saying when you're standing up, you're a person. Are your feet separate from you? No, they're part of you. It's the same thing here. The base of the figure, it's the figure. Just like if you look at the figure... I think we're out of time. I lost my colleague. Thank you. Thank you, Mr. Weiner. Thank both counsel. The case is submitted. Was that your honor? The case is submitted. Yeah, thank you, your honor. Your honor, I think we're out of time. No, you used up your time. Do you want to hear from him? We're done. Thank you.